IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL K. CHESTANG,

    Petitioner,           No. CIV S-12-0749 CKD P

    vs.

WARDEN, CSP SOLANO,

    Respondent.        ORDER AND

        /        FINDINGS AND RECOMMENDATIONS

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges a prison disciplinary proceeding finding that he unlawfully possessed controlled substances for sale or distribution and the loss of 160 days sentence credit which resulted from that finding. Respondent has filed a motion asking that this matter be dismissed for failure to exhaust state court remedies.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971). It is petitioner's burden to demonstrate that he has exhausted state court remedies with respect to

/////

1   his claims. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981) (statement by petitioner
2   that state court remedies are exhausted insufficient to preclude dismissal for failure to exhaust).

3   Petitioner presented the claim presented in this action to the California Court of
4   Appeal via a petition for writ of habeas corpus. Pet at. 4.[1] The petition was denied on June 30,
5   2011 for failure to exhaust administrative remedies before proceeding to court. Id. at 47.
6   Petitioner then presented his claim to the California Supreme Court also through a petition for
7   writ of habeas corpus. Id. at 4. On February 15, 2012, the petition was denied without further
8   comment. Id. at 48. In Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) the Supreme Court found
9   that when the California Supreme Court denies a state habeas petition without comment, there is
10  a presumption that the petition was denied for the same reasons as the Court of Appeal petition if
11  reasons were given in support of that denial. Respondent argues that by virtue of the Ylst
12  presumption, the court must find that the California Supreme Court denied petitioner's state
13  habeas petition for failure to exhaust administrative remedies. If the court made such a finding
14  then the court must also find that state court remedies are not exhausted based on the premise
15  that state court remedies are still available to plaintiff if he exhausts administrative remedies.

16  In this case, however, the court finds that petitioner has overcome the Ylst
17  presumption. In order to exhaust administrative remedies with respect to the claims presented in
18  this action, petitioner was required to submit his claims to the Office of the Director of the
19  California Department of Corrections of Rehabilitation and obtain a decision regarding his
20  claims from the Director. Cal. Code Regs. tit. 15, § 3084.5. The evidence before the court
21  indicates that petitioner submitted his claims to the Director, the Director issued a decision with
22  respect to the claims, and petitioner attached a copy of that decision to his California Supreme
23  Court habeas petition. Dckt. No. 12 at 65. In light of this evidence, which respondent does not
24  address or acknowledge, there should not be a presumption that the California Supreme Court

---

[1] Page numbers are those assigned by the court's electronic docketing system.

denied petitioner's state habeas petition for failure to exhaust administrative remedies or for failing to demonstrate that he did.

Because there is nothing before the court suggesting petitioner did not exhaust state court remedies with respect to the claims presented in this action, the court will recommend that respondent's motion to dismiss be denied and respondent be directed to file his answer.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a District Court Judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Respondent's May 29, 2012 motion to dismiss be denied; and

2. Respondent be directed to file his answer within twenty-one days of adoption of the foregoing findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 13, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
ches0749.157