IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL K. CHESTANG,

    Petitioner,                      No. 2:12-cv-0749 JAM CKD P

    vs.

WARDEN, CSP SOLONO,              <u>ORDER AND</u>

    Respondent.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges a prisoner disciplinary proceeding finding that he possessed controlled substances – marijuana and heroin – for sale or distribution. He asserts the finding must be reversed because differences in the determination of the weight of the marijuana possessed by petitioner at a field test and a subsequent laboratory test demonstrate evidence tampering; the field test indicated petitioner possessed 19.3 grams, while the lab test indicated he possessed 12.94 grams. Answer, Ex. 1 at 11-12.[1] As a result of the disciplinary proceedings finding, 160 days of good conduct sentence credit previously earned by petitioner was revoked.

---

[1] Page numbers are those assigned by the court's electronic docketing system.

1

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). In a federal habeas proceeding, a state prisoner can challenge the fact that he is confined or the duration of his confinement. <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991). The Supreme Court has found that inmates have a liberty interest protected by the Due Process Clause of the Fourteenth Amendment in earned good conduct sentence credit. <u>E.g.</u> <u>Superintendent v. Hill</u>, 472 U.S. 445, 453 (1985). That interest must be protected by the following procedures attendant to prison disciplinary proceedings which result in the revocation of good conduct credit:

    1) Advance written notice of the charges;

    2) An opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in the inmate's defense;

    3) A written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action; and

    4) That the findings of the prison disciplinary board be supported by some evidence in the record.

<u>Superintendent v. Hill</u>, 472 U.S. 445, 454 (1985).

Petitioner asserts that the evidence of tampering described above nullifies all of the evidence which was presented at the disciplinary proceedings at issue, therefore there is no evidence that petitioner possessed a controlled substance for sale or distribution. While it is odd that when the marijuana was tested in a laboratory there was significantly less than when it was field tested,[2] there is nothing before the court which even reasonably suggests petitioner did not possess a significant amount of marijuana and some heroin. Most importantly, petitioner does not dispute that the marijuana and heroin were found on him packaged for sale as indicated in the

---

[2] Respondent does not point to anything in the record explaining the discrepancy in measurements.

report filed by Correctional Officer S. Feudner. Answer, Ex. 1 at 7-8. Because there is the constitutionally necessary "some evidence" in the record to support the disciplinary findings at issue, the court will recommend that petitioner's application for writ of habeas corpus be denied.[3]

The court notes that petitioner has requested that the court hold an evidentiary hearing. However, there is no cause for an evidentiary hearing because petitioner fails to point to any facts which might be established that would provide a basis for habeas relief. See Turner v. Calderon, 281 F.3d 851, 890 (9th Cir. 2002) (habeas petitioner entitled to an evidentiary hearing only if he alleges facts that, if proven, would entitle him to relief).

Accordingly, IT IS HEREBY ORDERED that petitioner's request that the court hold an evidentiary hearing is denied.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus be denied; and

2. This case is closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the

---

[3] Because the court finds that petitioner has not established that his rights arising under federal law have been violated, the court need not address whether petitioner is barred from obtaining relief by 28 U.S.C. § 2254(d).

3

1 | specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
2 | F.2d 1153 (9th Cir. 1991).

Dated: November 15, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
ches0749.157(2)